## (February 26, 1957)

■ LAWRENCE KILLILEA, Respondent, v. SAM SPECTOR, Doing Business as DUNRITE PAINTING & DECORATING COMPANY, Appellant.

*Per Curiam.* Plaintiff was awarded a verdict of $18,000 in an action for personal injuries resulting from defendant's negligence. On October 7, 1953, in broad daylight, a hand truck on rollers, loaded with bags of laundry, weighing in all about 700 pounds, proceeding down grade on a service ramp, struck an upright ladder causing it to come in contact with the plaintiff. Plaintiff claims to have sustained a comminuted fracture of the left fifth metacarpal, contractures of the fourth and fifth fingers of the left hand with a traumatic nerve injury which renders the left hand useless.

The bill of particulars alleges the ladder was tied insecurely. Defendant's evidence is that the ladder was tied securely. Plaintiff offered no evidence to the contrary, except that the ladder fell. On the day of the occurrence plaintiff signed a statement affirming, in part, that the ladder was tied. On a previous trial plaintiff testified that the ladder swung and hit his hand.

On the instant trial plaintiff's testimony was that immediately prior to the occurrence one Beltran was in front checking the hand truck and one Yumet was holding the right rear thereof while plaintiff was several feet behind it. Plaintiff also testified that the truck came in contact with the ladder causing it to fall and strike his left hand.

Plaintiff was examined before trial and testified that he, together with one Charles, maneuvered the truck at the time of the occurrence. At the trial plaintiff testified that Charles did not assist him but that, in fact, he and the witnesses Beltran and Yumet were doing the work. Beltran testified that at the time of the occurrence plaintiff and Yumet were pushing the truck while he was in front checking it. Plaintiff testified at the prior trial and stated to Dr. Dombrowski, who testified on his behalf, that he was pushing the truck at the time it struck the ladder.

The force of the impact of the loaded hand truck, apparently out of control, was the immediate cause of the occurrence. In the absence of direct proof of the faulty tying of the ladder, under the circumstances of this case, the forceful impact of the loaded laundry truck might well be the competent producing cause of the occurrence and consistent with the proper securing of the ladder. The evidence of the occurrence, in the circumstances, did not negate the exercise of reasonable care in securing the ladder.

The finding of negligence implicit in the jury's verdict, in the light of the foregoing, is against the weight of the credible evidence. The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Botein, J. P., Rabin, Frank, Valente and McNally, JJ., concur.

Judgment unanimously reversed, with costs to the appellant to abide the event, and a new trial ordered. [See *post,* p. 710.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SOL BIEBER, Appellant.— Judgment affirmed. Concur — Botein, J. P., Frank, Valente and McNally, JJ.; Rabin, J., dissents and votes to reverse and dismiss the complaint upon the ground that the guilt of the defendant was not established beyond a reasonable doubt. No opinion.